**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

|   |   |
|---|---|
| MICHAEL GURULE,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF UTAH et al.,<br><br>          Defendants. | Case No. 2:06-CV-845 TC<br><br>**MEMORANDUM DECISION AND SCREENING ORDER** |

Plaintiff, Michael Gurule, filed this *pro se* civil rights suit under 42 U.S.C. § 1983, while confined in the Salt Lake County Jail.  *See* 42 U.S.C.A. § 1983 (2006).  Plaintiff has since been released and currently resides in Salt Lake City.  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id.* 1915.  This case is now before the Court for screening of Plaintiff's complaint under 28 U.S.C. § 1915(e).  Also before the Court are Plaintiff's motions for appointed counsel and an investigator, and Defendants' motion to dismiss.

**ANALYSIS**

**I. Motion for Appointed Counsel/Investigator**

Plaintiff has filed motions for appointed counsel and an investigator to assist him in pursuing this case.  Plaintiffs in civil cases generally do not have a constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir.

1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1). *See* 28 U.S.C.A. § 1915(e)(1) (Wet 2007); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

At this stage of the litigation the primary issue before the Court is the sufficiency of Plaintiff's complaint. Because no special legal training is required to recount the facts surrounding an alleged injury, pro se litigants may be expected to state such facts without any legal assistance. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Thus, Plaintiff's motions for appointed counsel and an investigator are denied at this time. However, if, at any time, it appears that appointed

counsel is warranted in this case the Court will revisit the issue *sua sponte*.

## II. Defendants' Motion to Dismiss

Defendants have filed a motion to dismiss Plaintiff's claims on two grounds: First, Defendants assert that the Salt Lake County Jail Medical Department is not a proper defendant because it lacks authority under Utah law to sue or be sued. Second, Defendants assert that Plaintiff's claims should be dismissed as *res judicata* because they were previously dismissed with prejudice in state court.

Defendants are correct that the Salt Lake County Jail is not a proper defendant. As explained in Defendants' supporting memorandum, the jail is not a sueable "person" under § 1983, instead, it is merely a subdivision of Salt Lake County, which, under Utah law, is the relevant legal entity with the capacity to sue and be sued on behalf of its subordinates. *See Owens v. Rush*, 636 F.2d 283, 286 (10th Cir. 1980). Thus, the motion to dismiss the Salt Lake County Jail as a defendant is granted.

Turning to Defendants' *res judicata* argument, the Court finds the record insufficient at this time to allow dismissal of Plaintiff's entire case on this ground. Although Defendants have presented evidence of prior state court litigation related to Plaintiff's medical care at the jail, it is not clear that the claims presented in that litigation were identical to those

presented here.  Instead, it appears that the present suit is focused primarily on Plaintiff's followup care after surgery, not the sufficiency of his overall medical treatment, as Defendants suggest.  It is not clear from the present record whether Plaintiff had an opportunity to litigate this specific claim in the state courts.  Thus, Defendants' motion to dismiss this case as *res judicata* is denied at this time, however, Defendants may renew this defense, if appropriate, once served with an amended complaint.

### III. Screening

#### A. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must

construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Id.*  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*

### B. Plaintiff's Allegations

Plaintiff alleges that Defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, by failing to provide doctor recommended followup care after Plaintiff's surgery for kidney stones.  Plaintiff states that in June 2006, while confined in the Salt Lake County Jail (SLCJ), he complained of pain in his sides and was taken to the University of Utah Medical Center (UUMC) for treatment.  A CAT scan revealed that Plaintiff had kidney stones that were too big to pass, requiring surgery.  In July 2006 Plaintiff underwent surgery at UUMC in which some of the kidney stones were removed and others were broken up with lasers.  Splints were also inserted to allow the remaining broken-up kidney stones to pass.  Plaintiff was scheduled to return to UUMC in two weeks to have the splints removed.  Plaintiff alleges that doctors gave specific instructions to jail staff regarding Plaintiff's followup care,

including instructions that Plaintiff remain in the jail infirmary and that he be given regular pain medication and antibiotics until he returned to have the splints removed.

Plaintiff alleges that jail staff intentionally ignored these doctor recommendations regarding followup care. Specifically, Plaintiff states that he was not allowed to stay in the infirmary and was instead returned to his cell; that he was not given pain medication and antibiotics as prescribed; and, that he was not returned to UUMC to have the splints removed until three weeks after surgery. Plaintiff states that during those three weeks he experienced extreme pain, urinated blood, and feared that he was going to die. Plaintiff also alleges that he complained to jail staff and was told that he did not have splints left in him and that he did not need additional pain medication.

Plaintiff alleges that when UUMC doctors learned about Plaintiff's treatment by the jail they became very upset and called jail staff to complain. Plaintiff also alleges that doctors stated Plaintiff could have gone into shock from the pain or developed a severe infection as a result of the treatment he received. Plaintiff's Complaint does not include a specific statement of the relief sought in this action.

### C. Legal Standard for Failure to Provide Medical Care Claims

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Greg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909 (1976), proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104. "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Allegations of mere negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment. "Delay in [providing] medical care only

constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210. The Tenth Circuit has held that the "substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 949, 950 (10th Cir. 2001).

### D. Sufficiency of Plaintiff's Complaint

While it appears that Plaintiff's factual allegations may be sufficient to state an Eighth Amendment claim under *Estelle*, Plaintiff's complaint in its current form has several fatal flaws. First, as previously discussed, Plaintiff fails to name a proper defendant. Not only is the Salt Lake County Jail not a proper defendant, Plaintiff's allegations do not support a claim against Salt Lake County. Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2051 (1978). Instead, to establish municipal liability, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1205 (1989)). Plaintiff has not alleged any such custom or

policy here.

Regarding the individual defendants named in the complaint, "John Does 1-10," Plaintiff does not make any specific factual allegations showing that each of these individuals were deliberately indifferent to Plaintiff's medical needs.  In fact, Plaintiff does not make reference to any of these individuals in the body of his complaint, nor does he provide any information, such as job titles, that would allow the Court to differentiate between them.

Second, although Plaintiff's Complaint lists numerous causes of action (including medical malpractice, ethical violations, denial of due process, "judicial misuse," etc.) it does not provide specific facts relevant to each of these legal theories. While Plaintiff is not required to identify the correct legal theory for his claims, he must clearly describe each separate claim and provide specific factual support for each.

Finally, Plaintiff's complaint does not include any specific information about previous litigation of these claims or his efforts to pursue administrative relief.  In order for the Court to determine whether it has jurisdiction to hear this case Plaintiff must clearly identify all other lawsuits filed in state or federal court that deal with the same or similar facts alleged here.  Plaintiff should also state the outcome of those cases and explain how they are related to his present claims.

### E. Conclusion

Given the fundamental deficiencies noted above, the Court concludes that Plaintiff's complaint fails to state a claim on which relief can be granted. However, it does not appear that it would be futile to give Plaintiff an opportunity to amend. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Thus, if Plaintiff wishes to proceed with this case he may file an amended complaint within thirty days. The Clerk's Office shall mail to Plaintiff, along with a copy of this order, a copy of the "Civil Rights Complaint Guide" provided by the Court. Plaintiff is instructed to thoroughly read and follow that guide in preparing his amended complaint. Plaintiff should use the fill-in-the-blanks complaint form included in that packet to ensure that he provides all necessary information. If Plaintiff fails to file an amended complaint in accordance with this order this case will be dismissed in its entirety.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motions for appointed counsel and an investigator are **denied**;

(2) the Salt Lake County Jail is **dismissed** as a defendant in this case;

(3) Defendants' motion to dismiss this case in its entirety as *res judicata* is **denied**;

(4) Plaintiff's complaint is **dismissed** for failure to state a claim on which relief can be granted; and,

(5) Plaintiff has **thirty days** in which to file an amended complaint in accordance with this order.  The Clerks Office shall mail to Plaintiff, along with a copy of this order, a Civil Rights Complaint Guide to assist him in preparing an amended complaint.

DATED this 24th day of September, 2007.

BY THE COURT:

/s/ Tena Campbell
_____
Tena Campbell, Chief Judge
United States District Court