## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| MICHAEL GURULE,<br><br>            Plaintiff,<br><br>      v.<br><br>STATE OF UTAH et al.,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE**<br><br>Case No. 2:06-CV-845 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul Warner |

Plaintiff, Michael Gurule, filed this *pro se* civil rights suit under 42 U.S.C. § 1983 while confined in the Salt Lake County Jail. *See* 42 U.S.C. § 1983 (West 2008). Plaintiff has since been released and resides in Salt Lake City. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915 (West 2008). This case is now before the Court for screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e).

### I. Background

Plaintiff's initial Complaint named the State of Utah, the Salt Lake County Jail Medical Department, and John Does 1-10 as defendants. The Complaint alleged cruel and unusual punishment under the Eighth Amendment based on failure to provide appropriate follow-up care after surgery for kidney stones. The Complaint did not clearly state the relief sought.

On December 12, 2006, Salt Lake County moved to dismiss the
Complaint on the grounds that the Salt Lake County Jail was not a
proper defendant, the Complaint failed to state a claim, and the
suit was barred by *res judicata*.  On September 25, 2007, the
Court issued a Memorandum Decision and Order dismissing
Plaintiff's Complaint for failure to state a claim on which
relief could be granted.  The Court identified several
fundamental deficiencies in the Complaint including failure to
name a proper defendant, lack of specific facts supporting each
alleged cause of action, and failure to provide information about
related state court litigation.  The Court instructed Plaintiff
that if he wished to proceed with this case, he must promptly
amend his complaint to cure these deficiencies.  Plaintiff filed
a timely Amended Complaint which is now before the Court for
screening.

## II. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any
claims in a complaint filed *in forma pauperis* that are frivolous,
malicious, fail to state a claim upon which relief may be
granted, or, "seek[] monetary relief from a defendant who is
immune from suit." *Id.*  When reviewing the sufficiency of a
complaint, the Court "presumes all of plaintiff's factual
allegations are true and construes them in the light most

2

favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Hall*, 935 F.2d at 1109. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### III. Sufficiency of Plaintiff's Amended Complaint

Plaintiff's Amended Complaint fails to cure the deficiencies in his original Complaint. First, in spite of the Court's specific instructions, Plaintiff still has not identified a proper defendant. Plaintiff's Amended Complaint, like the original, names the State of Utah and the Salt Lake County Jail as defendants. As previously explained, however, these entities

are not proper defendants in a § 1983 action because the State of Utah is immune from suit under the Eleventh Amendment and the Salt Lake County Jail is not a legal entity with the power to sue or be sued.

Second, the Amended Complaint fails to clearly identify the individuals directly responsible for Plaintiff's injuries and to allege specific facts showing how each person was involved.  The Amended Complaint names as a defendant the "Director of Medical Staff" at the Salt Lake County Jail, however, there are no specific allegations affirmatively linking this person to Plaintiff's injuries.  The Amended Complaint also names the "Salt Lake County Medical Staff"[1] as a defendant without providing sufficient identifying information or specific allegations regarding individual staff members.[2]

Because the Amended Complaint does not identify a proper defendant or allege specific facts showing that particular individuals violated Plaintiff's rights, the Court concludes that it fails to state a claim on which relief can be granted. Moreover, having afforded Plaintiff ample opportunity to cure

---

[1] Presumably this refers to the Salt Lake County Adult Detention Center medical staff.

[2] The Amended Complaint does refer to one staff member as "Nurse Pauline" but does not provide sufficient information to allow service of process on this individual.

these deficiencies to no avail, the Court concludes that it would
be futile to allow Plaintiff further opportunity to amend.  *See*
*Perkins*, 165 F.3d at 806.

### IV. *Res Judicata*

Plaintiff's Amended Complaint also fails to provide required
information about related state court litigation.  In its
previous screening order the Court instructed Plaintiff to
"clearly identify [in his Amended Complaint] all other lawsuits
filed in state or federal court that deal with the same or
similar facts alleged [in this case]."  (Mem. Dec. & Order Sept.
25, 2007 at 9.)  Plaintiff's Amended Complaint was prepared using
the civil rights complaint form provided by the Court, which asks
in Section E: "Have you filed other lawsuits in state or federal
court that deal with the same facts that are involved in this
action or are otherwise related to the conditions of your
imprisonment?"  Plaintiff clearly checked "NO" in response to
this question.  (Am. Compl. at 4.)  Although the Court previously
declined to dismiss this case on *res judicata* grounds without
allowing Plaintiff an opportunity to clarify his complaint, in
light of Plaintiff's denial and the conflicting evidence
presented in support of Defendant's earlier motion to dismiss,
the Court will revisit the claim preclusion issue *sua sponte*.

## A. Applicability

As the Tenth Circuit has explained, "*res judicata* bars a claim or issue that was actually decided or could have been decided in a previous action." *Kenmen Engineering v. City of Union*, 314 F.3d 468, 479 (10th Cir. 2002); *see also Baker v. General Motors Corp.*, 522 U.S. 222, 233 n. 5, 118 S. Ct. 657, 664 n. 5 (1998) ("[A] valid final adjudication of a claim precludes a second action on that claim or any part of it[.]"). Under 28 U.S.C. § 1738, commonly known as the full faith and credit statute, federal courts are required to give the same preclusive effect to a state court judgment that the judgment would receive in the courts of the issuing state.  See 28 U.S.C.A. § 1738 (West 2008).  Moreover, "[t]he United States Supreme Court has determined that § 1738 and traditional rules of preclusion are applicable to § 1983 actions." *Jarrett v. Gramling*, 841 F.2d 354, 356 (10th Cir. 1988).

Claim preclusion is usually raised as an affirmative defense in the answer to the complaint, or on motion for summary judgment.  *See* 18 Moore's Federal Practice § 131.50[1]-[3] (3d ed. 2002).  However, "where the substantive rights of parties are not endangered, a district court may in its discretion consider *res judicata* issues raised by motion to dismiss, rather than by the more usual form of an answer to a complaint." *Limerick v.*

Greenwald, 666 F.2d 733, 736 (1st Cir. 1982) (citing Diaz-Buxo v. Trias Monge, 593 F.2d 153 (1st Cir. 1979)).   A court also may raise the issue of preclusion on its own motion, in appropriate cases.  *See* Arizona v. California, 530 U.S. 392, 412, 120 S. Ct. 2304, 2318 (2000) (allowing that *res judicata* might be raised *sua sponte* in "special circumstances").

*Sua sponte* consideration of claim preclusion is appropriate here given the history of this case.  The primary reason claim preclusion is ordinarily required to be pleaded as an affirmative defense is "to give the opposing party notice of the plea and a chance to argue why its imposition would be inappropriate." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) (*quoting* Blonder Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350, 91 S. Ct. 1434, 1453 (1971)).  Here, Plaintiff was clearly on notice, based on Defendant's motion to dismiss and the Court's specific instructions in its previous screening order, that claim preclusion was at issue and must be resolved for this case to proceed.  Plaintiff was also given ample opportunity to address the issue, both in response to Defendant's motion to dismiss and in his Amended Complaint.  Thus, the Court finds that *sua sponte* consideration of claim preclusion in this instance is necessary to avoid judicial waste and will not cause Plaintiff to suffer discernable prejudice.  *See* United States v. Sioux Nation,

448 U.S. 371, 432, 100 S. Ct 2716, 2749 (1980) (REHNQUIST, J.,
dissenting).

## B. Legal Standard

A federal court asked to determine whether a claim before it
is precluded by a previous state court decision must look first
to preclusion principles of the state wherein the rendering state
court resides, in this case Utah.  See *Marrese v. American
Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-83, 105 S. Ct.
1327, 1331-33 (1985) (quoting 28 U.S.C. § 1738).  The Utah Court
of Appeals has observed, however, that "the legal analysis under
the claim preclusion branch of *res judicata* in the Utah common
law is virtually identical to that in the federal common law."
*Youren v. Tintic School Dist.*, 86 P.3d 771, 772 (Utah Ct. App.
2004).  Federal courts require three elements to establish claim
preclusion: (1) identity of the parties or their privies in both
suits; (2) identity of the cause of action in both suits; and (3)
a final judgment on the merits in the earlier action.  *Yapp v.
Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999).

## C. Analysis

The record shows that Plaintiff previously litigated in
state court the same claims presented here and that a final
judgment on the merits was rendered for defendants.  Attached as
Exhibit A to Defendant's Memorandum of Points and Authorities in

Support of Motion to Dismiss is a certified court order dismissing with prejudice Case Number 060910704 filed by Michael Gurule in the Third District Court for the State of Utah.  (Mem. Supp. Def.'s Mot. Dismiss (Doc. no. 15) Ex. A.)  According to that document, Plaintiff previously filed a lawsuit in Utah's Third District Court in which he "complained of receiving inadequate medical attention at the Salt Lake County Jail" following "surgery to correct his kidney stones."  After hearing "testimony and argument from Gurule" the court dismissed the suit with prejudice, finding Gurule's claims to be "entirely without merit."  (Mem. Supp. Def.'s Mot. Dismiss Ex. A at 2.)

Although the Court previously declined to dismiss this case on *res judicata* grounds without first allowing Plaintiff an opportunity to clarify his complaint, after reviewing the Amended Complaint the Court finds that each of the elements for claim preclusion are satisfied here.  Despite Plaintiff's failure to identify a proper defendant in his Amended Complaint, it is apparent that the intended defendants here are employees of Salt Lake County--the same defendant in interest sued in Plaintiff's state lawsuit.[3]  The claims presented here also appear identical to those previously litigated in state court.  Although the

---

[3] The actual defendant named in the state case was David Yocum, District Attorney for Salt Lake County at the time.

specific legal basis for Plaintiff's state court claims is unclear, the underlying facts as described in the order of dismissal appear identical to those set out in Plaintiff's Amended Complaint.[4]  Finally, the Order for Dismissal of Action with Prejudice entered in the state proceedings clearly shows that a final judgment on the merits was rendered against Plaintiff.  Thus, the Court concludes that Plaintiff's present claims are precluded under 28 U.S.C. § 1738 based on the judgment of the Third District Court for the State of Utah in Case Number 060910704.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that this case is **DISMISSED.**

BY THE COURT:

DATED this 12th day of December, 2008.

_____
TENA CAMPBELL, Chief Judge
United States District Court

---

[4] The state court's Order of Dismissal with Prejudice notes that despite being captioned as a habeas corpus petition, the action appeared to be a civil complaint.